[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff-employee, Murial Jackson, appeals the decision of the Employment Security Board of Review that she left the employ of United Builders Supply Co., Inc. voluntarily and without good cause attributable to her employer. Murial Jackson quit her job in 1997. She claims she left the employment because the employment was unsuitable which renders her leaving the employment involuntary. Plaintiff further claims that she left the employment for good cause attributable to United Builders Supply Co., Inc.
Administratively, it was determined she was not entitled to receive unemployment compensation benefits.
The employee's appeal is a frontal attack on the factual findings and conclusions made at the several administrative levels. In an appeal such as this the court does not try the matter de novo. The court does not adjudicate facts. It may not substitute its conclusions for those made administratively. Its power to correct fact findings is limited. C.G.S. § 31-249b, Practice Book § 22-9.
Upon somewhat conflicting evidence findings were made about various events plaintiff claims made the employment unsuitable. CT Page 1174 Plaintiff largely agrees with these findings regarding the underlying facts. Plaintiff does challenge, and this is the crux of her appeal, the conclusions drawn from those underlying facts. Administratively, it was determined that the facts plaintiff relied upon did not warrant a finding and/or conclusion that plaintiffs' employment conditions were so adverse that her employment was unsuitable justifying her leaving the job.
Upon review of the entire record, the court cannot say that the administrative findings and conclusions could not reasonably have been reached. Such findings are sufficient to sustain the conclusion that the employee quit her job without good cause attributable to the employer.
Such findings are sufficient to sustain the conclusion that the employee quit her employment for insufficient cause connected therewith.
The appeal is dismissed and the denial of benefits is affirmed.
Parker, J.